UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GEORGE NIEVES,

                        Plaintiff,

                      -against-

THE CITY OF NEW YORK, P.O. DARNELL CABBEL, Shield No. 12625, Individually and in his Official Capacity and P.O. DARNELL JONES, Shield No. 04160, Individually and in his Official Capacity,

                      Defendants.

------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff GEORGE NIEVES, by his attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff GEORGE NIEVES is a Hispanic male and has been at all relevant times a resident of the City and State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. At all times hereinafter mentioned, the individually named defendants P.O. DARNELL CABBEL and P.O. DARNELL JONES were a duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.  Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.  Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

### The October 12, 2010 Incident

13.  On or about October 12, 2010, at approximately 7:30 p.m., plaintiff GEORGE NIEVES was lawfully present in the vicinity of 103 West 80th Street, New York, New York.

14.  At the aforesaid time and place, plaintiff GEORGE NIEVES, talking to his friend outside of his friend's apartment building when he was accosted by defendant officers.

15.  Despite the fact that there was no evidence of criminal activity, defendants immediately placed plaintiff under arrest, handcuffing his arms tightly behind his back, and transported him to a nearby precinct.

16.  Plaintiff was given a summons for Disorderly Conduct.

17.  At no time on October 12, 2010, did plaintiff GEORGE NIEVES behave disorderly or unlawful in anyway.

18.  At no time on or about October 12, 2010, did defendants possess probable cause to arrest plaintiff.

19.  At no time on October 12, 2010, did defendant officers possess information that would lead a reasonable officer to believe plaintiff GEORGE NIEVES had engaged in any criminal or unlawful activity whatsoever.

20. In connection with plaintiff's arrest, defendants gave plaintiff a summons for behavior that did not constitute a crime.

21. As a result of his unlawful arrest, plaintiff GEORGE NIEVES spent approximately three (3) hours in custody and approximately two (2) months making court appearances before all charges against him were dismissed on December 17, 2010.

22. As a result of the foregoing, plaintiff GEORGE NIEVES sustained, *inter alia*, emotional distress, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of his constitutional rights.

## The October 13, 2010 Incident

23. On or about October 13, 2010, at approximately 5:10 p.m., GEORGE NIEVES was lawfully present in the vicinity of 103 West 80th Street, New York, New York.

24. At the aforesaid time and place, plaintiff GEORGE NIEVES, plaintiff was leaving his friend's apartment building when he was accosted by defendant officers.

25. Despite the fact that there was no evidence of criminal activity, defendants immediately placed plaintiff under arrest, handcuffing his arms tightly behind his back, and transported him to a nearby precinct.

26. Plaintiff was charged with Criminal Sale of a Controlled Substance in the 5th Degree.

27. At no time on October 13, 2010, did plaintiff GEORGE NIEVES posses or sell a controlled substance or behave unlawfully in any way.

28. At no time on or about October 13, 2010, did defendants possess probable cause to arrest plaintiff.

29. At no time on October 13, 2010, did defendant officers possess information that would lead a reasonable officer to believe plaintiff GEORGE NIEVES had engaged in any criminal or unlawful activity whatsoever.

30. In connection with plaintiff's arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office.

31. Specifically, defendants falsely alleged hat plaintiff engaged in a drug transaction.

32. As a result of his unlawful arrest, plaintiff GEORGE NIEVES spent approximately twenty-four (24) hours in police custody and approximately two and a half (2.5) years making court appearances. On March 12, 2012, plaintiff was acquitted of all charges against him.

33. As a result of the foregoing, plaintiff GEORGE NIEVES sustained, *inter alia*, emotional distress, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF FOR THE OCTOBER 12, 2010 INCIDENT**
**DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983**

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

36. All of the aforementioned acts deprived plaintiff GEORGE NIEVES of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

39. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### SECOND CLAIM FOR RELIEF FOR THE OCTOBER 12, 2010 INCIDENT
### FALSE ARREST UNDER 42 U.S.C. § 1983

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

42. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF FOR THE OCTOBER 12, 2010 INCIDENT
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

45. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   i. maintaining an "activity" quota mandating officers make a minimum number of arrests, issue a minimum number of summonses, and conduct a minimum number of "stop and frisks" on a monthly basis with deliberate indifference to training and supervising officers to ensure such actions are supported by the requisite cause or suspicion mandated by the Constitution;

   ii. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics and satisfy said quota; and

   iii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

46. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

47. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

48. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

49. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

50. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

51. The acts complained of deprived plaintiff of his rights:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unlawful search;

    D. Not to have summary punishment imposed upon him; and

    E. To receive equal protection under the law.

52. As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

### FIRST CLAIM FOR RELIEF FOR THE OCTOBER 13, 2010 INCIDENT DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

55. All of the aforementioned acts deprived plaintiff GEORGE NIEVES of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

56. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

57. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

58. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### SECOND CLAIM FOR RELIEF FOR THE OCTOBER 13, 2010 INCIDENT
### FALSE ARREST UNDER 42 U.S.C. § 1983

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

61. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF FOR THE OCTOBER 13, 2010 INCIDENT
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Defendants misrepresented and falsified evidence before the New York County District Attorney.

64. Defendants did not make a complete and full statement of facts to the District Attorney.

65. Defendants withheld exculpatory evidence from the District Attorney.

66. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff GEORGE NIEVES.

67. Defendants lacked probable cause to initiate criminal proceedings against plaintiff GEORGE NIEVES.

68. Defendants acted with malice in initiating criminal proceedings against plaintiff GEORGE NIEVES.

69. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff GEORGE NIEVES.

70. Defendants lacked probable cause to continue criminal proceedings against plaintiff GEORGE NIEVES.

71. Defendants acted with malice in continuing criminal proceedings against plaintiff GEORGE NIEVES.

72. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

73. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff GEORGE NIEVES favor on or about March 12, 2012 when the charges against him were dismissed.

74. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FOURTH CLAIM FOR RELIEF FOR THE OCTOBER 13, 2010 INCIDENT
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "74" as if the same were more fully set forth at length herein.

76. Defendants created false evidence against plaintiff GEORGE NIEVES.

77. Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's office.

78. Defendants misled the prosecutors by creating false evidence against plaintiff GEORGE NIEVES and thereafter providing false testimony throughout the criminal proceedings.

79. In creating false evidence against plaintiff GEORGE NIEVES, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

80. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FIFTH CLAIM FOR RELIEF FOR THE OCTOBER 13, 2010 INCIDENT
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

73. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   iv. maintaining an "activity" quota mandating officers make a minimum number of arrests, issue a minimum number of summonses, and conduct a minimum number of "stop and frisks" on a monthly basis with deliberate indifference to training and supervising officers to ensure such actions are supported by the requisite cause or suspicion mandated by the Constitution;

   v. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics and satisfy said quota; and

   vi. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

74. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

75. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

76. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

77. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

78. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

79. The acts complained of deprived plaintiff of his rights:

   F. Not to be deprived of liberty without due process of law;

   G. To be free from seizure and arrest not based upon probable cause;

   H. To be free from unlawful search;

   I. Not to have summary punishment imposed upon him; and

   J. To receive equal protection under the law.

80. As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

   i. an order awarding compensatory damages in an amount to be determined at trial;

   ii. an order awarding punitive damages in an amount to be determined at trial;

   iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

   iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       March 6, 2013

BY: _____
GERALD COHEN
JOSHUA FITCH
COHEN & FITCH LLP
Attorneys for Plaintiff
233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 374-9115
gcohen@cohenfitch.com
jfitch@cohenfitch.com

INDEX NO.                                                                                          YEAR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GEORGE NIEVES,

                                    Plaintiff,
         -against-

THE CITY OF NEW YORK, P.O. DARNELL CABBEL
Shield No. 12625, Individually and in his Official Capacity
and P.O. DARNELL JONES, Shield No. 04160, Individually
and in his Official Capacity
                                    Defendants.

---

## SUMMONS AND COMPLAINT

---

### COHEN & FITCH LLP
*Attorney for* Plaintiffs
*Office and Post Office Address, Telephone*
233 Broadway - Suite 1800
New York, New York 10279
(212) 374-9115

---

Signature (Rule 130-1.1a)

_____

Print Name Beneath

To
Attorney(s) for  Defendants

---

Service of a copy of the within is hereby admitted.                Dated
                    _____

Attorney(s) for

---

PLEASE TAKE NOTICE

☐     NOTICE OF ENTRY

      that the within is a (certified) true copy of a
      duly entered in the office of the clerk of the within named court on                     20

☐     NOTICE OF SETTLEMENT

      that an order                                         of which the within is a true copy
      will be presented for settlement to the HON.          one of the judges of the
      within named Court, at
      on                          20               at

Dated,                                                                                  Yours, etc.